UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDGAR HARRIS, ) | |
| ) | |
|     Petitioner(s), ) | |
| ) | |
| vs. ) | Case No.  4:12-CV-2004-TIA |
| ) | |
| STATE OF MISSOURI, ) | |
| ) | |
|     Respondent(s). ) | |

**MEMORANDUM AND ORDER OF TRANSFER**

This matter is before the Court upon review of Edgar Harris' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  In addition, petitioner has filed a motion for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a).  Upon consideration of petitioner's financial information, the Court finds that he is financially unable to pay any portion of the filing fee.  Therefore, the Court will grant petitioner leave to proceed in forma pauperis.

Petitioner is challenging the constitutionality of his July 7, 1998 conviction in the Circuit Court of Cape Girardeau County, Missouri, for robbery and armed criminal action.  The Court's records show that petitioner previously brought a § 2254 petition for a writ of habeas corpus challenging his 1998 conviction, and that the action was

---

[1]Both parties have consented to having a United States Magistrate Judge conduct all proceedings in this case [Doc.#4].  *See* 28 U.S.C. § 636(c)(1).

dismissed as untimely.[2]  *See Harris v. Luebbers*, No. 4:02-CV-1893-TIA (E.D. Mo.). Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

There is no indication that the Court of Appeals has certified the instant habeas application as required by § 2244(b)(3)(A).  As such, this Court lacks authority to grant petitioner the relief he seeks.  Rather than dismiss this action, the Court will transfer the petition to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.  *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Coleman v. United States*, 106 F.3d 339 (10th Cir. 1997); *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996).

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

---

[2]Although unpublished, opinions by the Eighth Circuit Court of Appeals and by other district courts in this circuit have uniformly held that a habeas corpus action dismissed as untimely is a decision on the merits.  *See Diaz-Diaz v. U.S.*, 297 Fed. Appx. 574, 575 (8th Cir. Oct. 29, 2008); *Young v. Norman*, No. 4:10-CV-2186-DDN, 2010 WL 5184886, at*1 (E.D. Mo. Dec. 15, 2010); *Hazelett v. U.S.*, No. 4:10-CV-2214-JCH, 2010 WL 5184888, at *1 (E.D. Mo. Dec. 15, 2010). Similarly, several other courts of appeals have held that a dismissal on statute of limitations grounds constitutes a decision on the merits.  *See McNabb v. Yates*, 576 F.3d 1029, 1030 (9th Cir. 2009); *Villanueva v. U.S.*, 346 F.3d 55, 61 (2d Cir. 2003); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003).

**IT IS FURTHER ORDERED** that no order to show cause shall issue as to respondent, because the instant petition is successive under 28 U.S.C. § 2244(b)(3)(A).

**IT IS FURTHER ORDERED** that petitioner's application for a writ of habeas corpus is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall **TRANSFER** the instant petition to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. § 1631.

Dated this  14th  day of January , 2013.

                                        /s/ Terry I. Adelman
                              UNITED STATES MAGISTRATE JUDGE